IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY I. SIEGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-143-TCK-PJC |
| | ) | |
| BLUE GIANT EQUIPMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim and Brief in Support (Doc. 10). Defendant Blue Giant Equipment, LLC ("Defendant") moves to dismiss Plaintiff's Petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

**I.   Plaintiff's Allegations[1]**

On May 15, 2014, Plaintiff alleges he sustained severe injuries while using the "Blue Giant Loading Dock," one of Defendant's products. Plaintiff contends his injuries "were a result of the defective and unreasonably dangerous design of the loading dock" and that Defendant acted with reckless regard "in the manufacture and design of the loading dock." (Doc. 2-1 at 2.)

**II.   Rule 12(b)(6) Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon

---

[1] Plaintiff Timothy I. Siegel ("Plaintiff") commenced this action by filing a petition in the District Court of Rogers County, Oklahoma on February 26, 2015. Defendant subsequently removed the case to this Court.

which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

**III.    Discussion**

Defendant contends Plaintiff's Petition fails to state a plausible claim for manufacturer's products liability because it contains insufficient factual information and relies primarily on conclusory allegations. Under Oklahoma law, a plaintiff must plead and prove three elements to prevail on a manufacturer's products liability claim: (1) the product was the cause of the injury; (2)

2

the defect existed in the product at the time the product left the manufacturer's possession and control; and (3) the defect made the product unreasonably dangerous to the plaintiff or the plaintiff's property. *Clark v. Mazda Motor Corp.*, 68 P.3d 207, 209 (Okla. 2003). Aside from those related to jurisdiction, the allegations cited above in Part I are the only allegations Plaintiff offers to support his products liability claim. Plaintiff has not indicated where or how Defendant's product was being used, how the product was defective, how the defect made the product unreasonably dangerous, or how the defect caused Plaintiff's injuries.

Plaintiff's Petition is devoid of any factual allegations establishing the plausibility of his entitlement to relief. Instead, Plaintiff relies on conclusory allegations (*e.g.*, that the product had a "defective and unreasonably dangerous design" and that "Defendant acted in reckless disregard"). However, such conclusory allegations must be disregarded by the Court in determining the plausibility of Plaintiff's claim. *Iqbal*, 556 U.S. at 681. Accordingly, the Court finds that Plaintiff's Petition fails to state a claim upon which relief can be granted. *See Shells v. X-Spine Sys., Inc.*, No. CIV-14-1223, 2015 WL 736981, at *3 (W.D. Okla. Feb. 20, 2015) (dismissing petition alleging only that unspecified product was defective in unspecified manner); *Polando v. Sears, Roebuck & Co.*, No. CIV-13-0038, 2013 WL 791232, at *1 (W.D. Okla. Mar. 4, 2013) (dismissing claim where plaintiff alleged only that defendant manufactured the product and that it "failed to properly sustain the arc of electricity . . . causing her burns")*; Hammons v. Boston Scientific, Inc.*, No. CIV-11-0663, 2011 WL 4978369, at *2 (W.D. Okla. Oct. 19, 2011) (dismissing amended complaint where plaintiff failed to plead how the specific product failed or caused injury to the plaintiff).

## IV. Conclusion

Defendant's Motion to Dismiss is granted and Plaintiff's Petition is dismissed pursuant to Rule 12(b)(6). Plaintiff may file an amended complaint within 14 days from the date of this Opinion and Order.

**SO ORDERED this 3rd day of June, 2015.**

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**