# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY I. SIEGEL, | ) |
|     Plaintiff, | ) |
| | ) Case No. 15-CV-143-TCK-PJC |
| v. | ) |
| | ) |
| BLUE GIANT EQUIPMENT, LLC., et al, | ) |
| | ) |
|     Defendants. | ) |

### OPINION AND ORDER

Before the Court is the Motion for Protective Order filed by Defendant Blue Giant Equipment Corporation. [Dkt. No. 34]. Plaintiff disputes the appropriateness of a Protective Order and argues that the Court should do an in camera inspection of documents to determine whether a protective order is appropriate. [Dkt. No. 35]. For the reasons set forth below, the motion is GRANTED. The protective order will be entered separately.

*Background*

The present product liability case arises out of Plaintiff's claims that a loading dock he was utilizing was "defective and unreasonably dangerous" and that Blue Giant "acted in reckless disregard to the rights of others and the safety of the using and consuming public." [Dkt. No. 2-1]. In the course of conducting discovery, Plaintiff requested, inter alia, information and documents pertaining to the "engineering, design, and technical drawings," documentation of the "installation, and/or manufacture" of the loading dock, and "any subsequent changes thereto." [Dkt. No. 34-1]. Defendant has already produced 241 pages of documents and has 29 additional pages that Defendant is willing to produce, but only pursuant to a court-entered Protective Order because the documents contain "internal information regarding ordering and configuration of the

device at issue as well as specific engineering calculations and data, all of which is proprietary and trade secret information." [Dkt. No. 34].

### *Applicable Legal Standard*

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to obtain information concerning "any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(c)(1) provides that upon a showing of good cause, the court "may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This may include protection of trade secret, or other confidential research, development, or commercial information. Fed. R. Civ. P. 26(c)(1)(G). The moving party bears the burden of demonstrating "good cause" and requires a particular and specific demonstration of fact as distinguished from conclusory or stereotyped statements. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973); *Samson Resources Co. v. J. Aron & Co.*, 2009 WL 1606564, *1 (N.D. Okla. June 8, 1999). However, the "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quotation and citation omitted). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *WN Petroleum Corp. v. OK-Tex Oil & Gas Inc.*, 998 F.2d 853, 858 (10th Cir. 1993); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (trial courts have broad discretion in deciding when to issue a protective order and in deciding the appropriate degree of protection).

*Discussion*

Plaintiff complains that Defendant's proposed protective order, which is the standard template order created by and utilized by this Court,[1] would allow for unnecessary "wholesale designation of confidentiality of documents." [Dkt. No. 35, p. 1]. Relying on *U.S. v. Pickard*, 733 F.3d 1297 (10th Cir. 2013), Plaintiff contends that the protective order goes against the common-law right of access to discovery information. [*Id.* at p. 2].

Plaintiff's reliance on *Pickard* is misplaced.  In *Pickard*, the Tenth Circuit was not examining discovery material, but *judicial records* and was ruling on evidentiary objections, not discovery issues. 733 F.3d at 1302.  Pre-trial discovery may produce unrelated or only tangentially related information.  *Okla. Hosp. Assn. v. Okla. Pub. Co.*, 748 F.2d 1421, 1425 (10th Cir. 1984) (*citing Seattle Times*, 467 U.S. at 33).   The Tenth Circuit has approved the issuance of protective orders, such as the proposed one in this case, to expedite discovery documents, noting that at the discovery stage of litigation, "those documents ha[ve] not been filed with the court and certainly ha[ve] not satisfied threshold tests of relevancy and admissibility. They therefore [a]re not available to the public generally. . ." *Id*.  See also Burke v. Glanz, 2013 WL 211096, at *2, *4-5 (N.D. Okla. Jan. 18, 2013) (noting the frequent practice of entering into "blanket" or "umbrella" protective orders and observing the distinction between materials produced in discovery and admissible materials) (citations omitted).  Despite Plaintiff's insistence, the public has no right to access discovery material, which is what the proposed protective order seeks to protect.

---

[1] Plaintiff, or Plaintiff's counsel, takes issue with multiple provisions of this Court's standard protective order and the undersigned declines to address those arguments. The order was developed by this Court after careful consideration and input of multiple judges. For purposes of consistency and ease of enforcement, proposed orders that vary from the standard order are routinely rejected.

To establish good cause under Rule 26(c)(1)(H), Defendant must demonstrate that the information sought constitutes a trade secret, or other confidential research, development, or commercial information and then demonstrate that its disclosure might be harmful. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). Defendant has sought to protect only 29 pages (out of 270 pages) of responsive documents containing proprietary and trade secret information. The Court finds that Defendant has met its burden of demonstrating good cause for the issuance of a protective order.

Plaintiff has also raised concerns regarding the potential misuse of the proposed protective order. However, the protective order provides Plaintiff with a remedy to prevent and/or resolve any type of potential misuse. As outlined in the protective order, the parties are required to attempt to resolve any objection to a designation, but if unable to do so, the objecting party may file a motion with the Court to resolve the dispute. The Court cautions Defendant to make all designations in good faith and not to over-designate discovery material. Should it become necessary for Plaintiff to challenge any designations, they will be strictly scrutinized according to Rule 26(c) and the protective order entered in this case.

The Court's ruling today is consistent with its previous rulings concerning similar issues. For example, in *Burke*, the plaintiff had argued that due to the government's alleged negligence, the public should have a right to access discovery material. 2013 WL 211096. In denying Plaintiff's motion to provide discovery material to the public, the Court noted that it was not denying public access to information concerning the factual and legal issues of the case; it was only limiting public access to *discovery* material at *this* stage of the litigation. *Id*. at *4-5.

For these reasons, Defendant's Motion for Protective Order is GRANTED. The protective order will be entered separately.

**IT IS SO ORDERED** this 17th day of November, 2015.

_____
Paul J. Cleary
United States Magistrate Judge