IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY I. SIEGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-143-TCK-PJC |
| | ) |
| BLUE GIANT EQUIPMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses (Doc. 22). Plaintiff requests that nine of the affirmative defenses raised in the Answer by Defendant Blue Giant Equipment, LLC be stricken.

**I.      Background[1]**

On May 15, 2014, Plaintiff alleges he sustained severe injuries while using the "Blue Giant Loading Dock," one of Defendant's products. Plaintiff contends his injuries "were a result of the defective and unreasonably dangerous design of the loading dock" and that Defendant acted with reckless regard "in the manufacture and design of the loading dock." (Doc. 2-1 at 2.) On June 3, 2015, the Court granted Defendant's Motion to Dismiss, finding that Plaintiff's Petition failed to state a claim upon which relief could be granted (Doc. 13).

With the Court's permission, Plaintiff filed an Amended Complaint on June 10, 2015 (Doc. 14). The Amended Complaint asserts the same products liability claim against Defendant but with additional allegations regarding how the product was being used, how it was defective, how the

---

[1] Plaintiff Timothy I. Siegel ("Plaintiff") commenced this action by filing a petition in the District Court of Rogers County, Oklahoma on February 26, 2015. Defendant subsequently removed the case to this Court.

defect made it unreasonably dangerous, and how the defect caused Plaintiff's injuries. On June 19, 2015, Defendant filed an Answer, asserting fourteen affirmative defenses. Plaintiff subsequently moved to strike the following nine affirmative defenses on the basis that such defenses are insufficiently pled:

1. Defendant would state that any injuries, damages or losses sustained by Plaintiff were solely and proximately caused by the negligence of the Plaintiff, and that as such Plaintiff is barred from recovery against the Defendant by virtue of contributory negligence.

2. Defendant would state that any injuries, damages or losses sustained by Plaintiff were solely and proximately caused by the actions and/or negligence of third persons who are not agents, employees or servants of this Defendant, and over whom this Defendant exercised no degree of authority or control.

3. Defendant specifically denies that its product was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased it with the ordinary knowledge of the community in general and/or the ordinary consumer who is a skilled operator of the industrial equipment at issue.

4. Defendant would state that the manner in which the Plaintiff was using the product at the time of the injury was an unforeseeable misuse and constituted a procedure about which he had prior warning.

5. Defendant would state that some act or acts of the Plaintiff constituted the proximate cause of any injury, damages, or loss of same by the Plaintiff, rather than the product itself.

6. Defendant would state that the product allegedly manufactured by it was altered from its original condition after it left the control of this Defendant.

7. Defendant would state that any defect or condition was open and obvious so as to deny any recovery against this Defendant.

8. Any defect in said product, which is not admitted but expressly denied, was known by those using said product, and it was known that the defect made the product unreasonably dangerous in nature (such not being admitted but expressly denied), and Plaintiff voluntarily continued to use said product with said knowledge and assumed all risks associated therewith.

> 9. Defendant states that said product was designed and manufactured pursuant to all industry and government standards and regulations relating to said product at all times relevant hereto and that said design and manufacture was consistent with the state of the art in the industry at the time.

(Doc. 20 at 2-3.)

## II. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure permits an "insufficient defense" to be stricken from a pleading. Under Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances. *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648-49 (D. Kan. 2009). Each affirmative defense at issue must be examined to

> ascertain whether any question of fact or law is raised by the defense. If a defense raises such a question, then the motion to strike is improper and the issue must be decided subsequently on the merits, when more information is available.

*Hardage*, 116 F.R.D. at 463. Motions to strike are a drastic remedy and are disfavored by courts. *Id.*; *see also Oilfield Improvements, Inc. v. Coston*, No. 10-CV-577-TCK-TLW, 2012 WL 1752994, at *1 (N.D. Okla. May 15, 2012) ("Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.") (internal quotation marks omitted); *Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011)("[M]otions to strike, in most cases, waste everyone's time."). To succeed on a motion to strike, a plaintiff generally must show that he will be prejudiced significantly if the challenged affirmative defenses are left in the pleadings. *Hardage*, 116 F.R.D. at 463.

Plaintiff argues the nine challenged affirmative defenses have not been properly pled by Defendant. Specifically, Plaintiff alleges the affirmative defenses do not comply with Rule 8 of the

Federal Rules of Civil Procedure or the pleading standard enunciated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

The Federal Rules of Civil Procedure require a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Fed.R.Civ.P. 8(b)(1). The Tenth Circuit has not indicated whether the pleading standards of *Twombly* and its progeny apply to affirmative defenses. District courts within the Tenth Circuit are split on the issue. *See H.S. Field Servs., Inc. v. CEP Mid-Continent, LLC*, No. 12-CV-531, 2013 WL 5407862, at *2 (N.D. Okla. Sept. 25, 2013) (collecting cases).

Defendants are required to plead affirmative defenses to avoid any unfair surprise to the plaintiff. *See Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir.2008) ("The concern is that '[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.'" ) (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir.1987)) (alteration in original)). "In most cases, recitation of the specific affirmative defenses that may be applicable is sufficient to serve this purpose because the nature of the defense may be inferred from the factual allegations already made in the complaint and answer." *Sharp v. CGG Land (U.S.) Inc.*, 141 F. Supp. 3d 1169 (N.D. Okla. 2015)

The Court need not determine whether the *Twombly* pleading standard applies to affirmative defenses. Defendant has sufficiently pled its affirmative defenses to satisfy *Twombly* or a lesser standard. When read together with Plaintiff's Amended Complaint, the Answer puts Plaintiff on notice as to the nature of the defenses asserted, consistent with the requirements and purpose of Rule 8(c). Where Defendant's affirmative defenses appear to be vague and/or without adequate factual

4

support, the corresponding portions of Plaintiff's Amended Complaint also lacks such factual information. Accordingly, Plaintiff's Motion to Strike Affirmative Defenses is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiffs's Motion to Strike Affirmative Defenses (Doc. 22) is denied.

**SO ORDERED this 13th day of June, 2016.**

*[signature]*
**TERENCE KERN**
**United States District Judge**